IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA )
)
v. )
) 1:11-cr-390 (LMB)
MARVIN POWERS, JR., ) 1:12-cv-1392 (LMB)
a/k/a Marv, )
)
    Movant. )

## MEMORANDUM OPINION

Marvin Powers, Jr. ("Powers"), proceeding pro se, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), in which he does not claim that he is innocent or that his guilty plea was involuntary, but rather that his counsel was ineffective. Specifically, he raises three sentencing-related issues, arguing in Ground One that the Court should not have increased his offense level by four points for a leadership role. In Ground Two he attacks the calculation of his criminal history, arguing that a December 28, 2000 conviction in California for driving with a suspended license should not have been included in his criminal history because he was unaware that his license had been suspended. In Ground Three he argues that he was not on probation when he committed the offense for which he was convicted in this Court and therefore, two criminal history points should be subtracted from his score. At various

points in his Motion, Powers also alleges that his counsel improperly failed to advise him of his appellate rights.

For the reasons discussed below, this § 2255 Motion will be summarily dismissed without a response from the government.[1]

I. FACTUAL BACKGROUND

On August 30, 2011, Powers waived indictment and entered a guilty plea to a one-count criminal information charging him with conspiracy to distribute 100 or more kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), under a written plea agreement. In the Fed. R. Crim. P. 11 plea colloquy, Powers, who was under an affirmation to tell the truth, admitted that he was 39 years old, had graduated from high school and attended some tech school, had no medical problems and was not under the influence of alcohol or drugs. Plea Tr. at 2-3. He acknowledged discussing the plea agreement and the facts of the case with his counsel, John J. McDermott, and being satisfied with counsel's advice. Id. at 4, 8-9, 27-28.

As part of the plea agreement, the government agreed not to

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides, in relevant part:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

file a § 851 information, which would have increased the statutory mandatory minimum sentence from 60 to 120 months. See Plea Agm't. at ¶ 10; Plea Tr. at 20-21. On December 2, 2011, Powers was sentenced to a variant sentence of 90 months incarceration,[2] with credit for time served, followed by four years of supervised release, among other penalties. No appeal was filed.[3] Powers timely filed his § 2255 Motion on December 4, 2012.

## II. DISCUSSION

To the extent that Powers's § 2255 Motion seeks to collaterally attack his sentence on the basis of alleged mistakes in the application of the Sentencing Guidelines, each of his claims is procedurally defaulted because of his failure to file a direct appeal, and habeas review is therefore inappropriate absent a showing of cause and prejudice, which Powers fails to present. See United States v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999) (requiring in non-capital cases

---

[2] The Presentence Investigation Report (PSI) calculated Powers' criminal history at a Level IV based on a record including 7 criminal history points. Three of those points are at issue in the § 2255 Motion. The PSI also calculated an offense level of 27, which included a four-level increase for the defendant's leadership role and is also disputed by the § 2255 Motion. The resulting guideline range was 100 to 125 months imprisonment; however, the Court imposed a variant sentence of 90 months.

[3] Powers states that he did not appeal his sentence because he "was immediatly [sic] transfered [sic]" and "counsel never advised me of appellate rights." See § 2255 Mot. at 5.

that the defendant demonstrate cause and prejudice in a § 2255 proceeding to excuse his failure to appeal the applicability of sentencing guidelines other than "a career offender or other habitual offender provision").

However, broadly reading the § 2255 Motion in Powers's favor, it could be construed to allege constitutionally ineffective assistance of counsel with regard to those three sentencing issues and the issue of whether counsel failed to consult with him about whether to file an appeal.[4] Any such ineffective assistance claims will be addressed in turn.

A. Standard of Review

A motion under 28 U.S.C. § 2255 allows a collateral attack on a conviction or sentence imposed in violation of the United States Constitution or laws, where the court lacked jurisdiction to impose the sentence, where the sentence was in excess of the maximum authorized, or where the sentence or conviction is otherwise subject to collateral attack. To prevail, the movant bears the burden of proving his grounds for collateral relief by

---

[4] Powers perfunctorily states only in Grounds 1 and 3 that "counsel was ineffective," but in describing Ground 3 writes, "This is my first appeal in which I am raising these issues under ineffective assistance of counsel." See § 2255 Mot. at 5, 8-9. Thus, the Court is treating each of his three procedurally-defaulted, sentencing-related claims as arising under the aegis of ineffective assistance of counsel. Because Powers also states at various points that "counsel did not advise me of appellate rights," the Court has restyled that allegation as a separate ineffective assistance claim. See id. at 5-6.

4

a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967). Relief under § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Moreover, a motion pursuant to § 2255 "may not do service for an appeal," and claims that were not appealed are generally deemed waived and therefore, procedurally defaulted unless the movant can show cause and actual prejudice. United States v. Frady, 456 U.S. 152, 165-67 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994) (applying standard to unappealed guilty pleas). An exception applies when a defendant brings a claim of constitutionally ineffective assistance of counsel, which can be raised in a collateral challenge. See United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998).

B. Ineffective Assistance of Counsel

To sustain his § 2255 Motion based on ineffective assistance of counsel, Powers must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing of both deficient performance by counsel and prejudice to the defendant. Deficient performance occurs when

5

"counsel's representation fell below an objective standard of reasonableness." Id. at 688. Such a determination "must be highly deferential" with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Even if counsel's performance were deficient, to prevail a movant must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A showing that "the errors had some conceivable effect on the outcome of the proceeding" is not enough; a reasonable probability requires that the errors are "sufficient to undermine confidence in the outcome." Id. at 693-94. In short, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Powers bears the burden of proving both deficient performance and sufficient prejudice in each of his ineffective assistance claims. Fields v. Att'y General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

### 1. Failure to Raise Sentencing Guidelines-Related Issues

Powers asserts that defense counsel was deficient for failing to advocate on his behalf with regard to the application of various sentencing criteria. Specifically, he claims that defense counsel did not sufficiently advocate on his behalf with

6

regard to (1) a four-level enhancement for his leadership role in the distribution conspiracy, see PSI at ¶ 104; (2) the inclusion of a December 28, 2000 California conviction for driving with a suspended license in his criminal history calculations, see PSI at ¶ 123; and (3) the addition of two criminal history points for being on probation in another case at the time of his commission of the instant offense, see PSI, Worksheet C, at p. 2.

Each of these claims is meritless. The record clearly establishes that defense counsel strenuously argued in his initial written objections to the PSI and in his sentencing memorandum, as well as during the sentencing hearing, that Powers's offense level should not be increased for a leadership role. See Def.'s Objections to Presentence Investigation Report at 4; Def.'s Mem. in Aid of Sent'g at 1-4; Sent'g Tr. at 2-3, 4-9, 11-12. Despite counsel's efforts, the Court resolved the factual dispute in favor of the government, finding that Powers "was not a mere peon in this conspiracy" and "was properly given the four points for having a leadership role." Sent'g Tr. at 12-13; see U.S. Sentencing Guidelines Manual § 3B1.1(a). Counsel's zealous advocacy on this issue defeats Powers's claim that counsel's performance was deficient simply because the Court was not convinced by counsel's argument. See Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995) ("Standing alone,

7

unsuccessful trial tactics neither constitute prejudice nor definitively prove ineffective assistance of counsel."); see also Strickland, 466 U.S. at 689 ("[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.").

Powers also argues that counsel "never addressed" the impact of a California conviction for driving with a suspended license on his criminal history; however, the record shows that counsel raised the issue in his written objections to the PSI as well as in his sentencing memorandum, and reiterated that objection orally at the sentencing hearing. See Def.'s Objections to Presentence Investigation Report at 4; Def.'s Mem. in Aid of Sent'g at 4; Sent'g Tr. at 2-3.

Finally, although the record does not reflect that counsel disputed the addition of the two criminal history points based on a finding that Powers was on probation in another case during the course of his criminal conduct, counsel was not deficient in that omission because such an objection would have been utterly meritless. In his § 2255 Motion, Powers incorrectly asserts that he "was included in the investigation" not until 2011, and that therefore the Superior Court of California's termination of his probation on July 14, 2010 rendered him ineligible for the two-point increase because he was "not on probation during the

8

time." § 2255 Mot. at 8. But in the signed Statement of Facts accompanying his plea agreement, Powers admitted that he participated in the conspiracy "[b]etween in and around 2009 through in and around June 2011," confessing to specific criminal conduct that took place in 2009, during which he was undeniably still on probation for his California conviction.[5] Any statement to the contrary is not supported by the defendant's own admissions, and therefore the two-point increase was warranted. See U.S. Sentencing Guidelines Manual §§ 4A1.1(d), 4A1.2.

Powers vaguely references a "recency amendment" for the proposition that he deserves relief for being "charged points for an offense committed less than two years after release from imprisonment," which he later relates to "Section 3582(c)(2)." § 2255 Mot. at 8, 11. The cited United States Code provision is inapplicable to Powers because on its face it only applies to "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," and merely gives the Court discretion to "reduce the

---

[5] For example, ¶ 2 of the Statement of Facts specified that Powers "began working with" a co-conspirator "[i]n or about 2009," and in the same paragraph, indicates that he "on one occasion also drove from California to Kansas with approximately ten pounds of marihuana that he intended to deliver to a co-conspirator."

term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

For these reasons, each of Powers's arguments that counsel was ineffective with regard to the calculation of the Sentencing Guidelines applicable to his case will be dismissed.

2. Failure to Consult Regarding an Appeal

Three separate times in his § 2255 Motion, Powers also implies that his attorney was ineffective because he did not advise him "of appellate rights." See § 2255 Mot. at 5-6. Although an attorney is required to follow an unequivocal instruction by his client to file a notice of appeal even if the defendant waived his right to appeal, see United States v. Poindexter, 492 F.3d 263, 269-73 (4th Cir. 2007), here Powers does not allege that he instructed his attorney to file an appeal, or even that he wished to file an appeal. Rather, he appears to allege that his attorney was ineffective for not consulting with him about an appeal after his sentencing hearing.

In Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000), the Supreme Court ruled that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds

10

for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." In interpreting Flores-Ortega, the Fourth Circuit has observed that "[i]n determining whether a rational defendant would have wanted to appeal, we consider important the facts concerning whether the defendant's conviction followed a trial or a guilty plea; whether the defendant received the sentence bargained for as part of the plea; and whether the plea expressly reserved or waived some or all appeal rights." United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010).

The instant case presents facts very similar to those of Cooper. Powers entered into an advantageous guilty plea with the government, in that he avoided having a § 851 information filed. Had that § 851 information been filed he would have faced a mandatory minimum sentence of 120 months incarceration rather than 60 months. Moreover, during the plea colloquy he was twice advised by the Court that as part of his plea agreement he was giving up the right to appeal his conviction and any sentence within the statutory maximum, which was 40 years. See Plea Tr. at 17-18, 31; see also Plea Agm't at ¶ 6. At the plea hearing, Powers was also advised that any expectations as to his ultimate Sentencing Guidelines numbers or final sentence did not bind or limit the Court. See Plea. Tr. at 10-11, 16-17, 20. Powers repeatedly indicated that he

11

understood all those aspects of his plea agreement and also acknowledged that he had discussed the facts of the case, the plea agreement, the statement of facts, and sentencing possibilities with counsel, who had answered all of his questions to his satisfaction. See id. at 4, 6, 8-9, 16, 27-28, 31-32.

At the sentencing hearing, the Court concluded that the advisory Sentencing Guidelines range was between 100 and 125 months imprisonment, but ultimately determined that a variant sentence of 90 months was appropriate. See Sent'g Tr. at 3, 15. Because Powers was given a variant sentence below the applicable Sentencing Guidelines and at the low end of the statutory range for the offense, and because he has identified only frivolous grounds for appeal in his § 2255 Motion, a reasonable attorney would not have believed that a rational defendant would have wanted to appeal. Specifically, filing an appeal would have constituted a breach of the plea agreement, entitling the government to vacate the agreement and file the § 851 information exposing Powers to a doubled mandatory minimum sentence of 120 months imprisonment. If Powers had appealed, the government could also have cross-appealed the variant sentence, exposing Powers to a risk of a sentence increase to at least 100 months incarceration. Nor are there any allegations or evidence to suggest that Powers demonstrated to counsel any

12

interest in appealing. Indeed, in the same sentence claiming that "counsel never advised me of appellate rights," Powers also states that he "was immediatly [sic] transfered [sic]."[6] § 2255 Mot. at 5.

Given these circumstances, the Court declines to find that counsel's failure to consult with Powers after his sentencing hearing was constitutionally unreasonable and outside the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Accordingly, this ineffective assistance claim will also be dismissed.

### III. CONCLUSION

For the reasons stated above, Powers's § 2255 Motion will be dismissed with prejudice by an accompanying Order.

Entered this 10th day of January, 2013.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

---

[6] It is highly likely that Powers was quickly transported to another detention facility after his sentencing, leaving counsel little opportunity to further consult or otherwise communicate with him, given defense counsel's representation that while Powers was in custody in Alexandria he was placed in solitary confinement "in an effort to minimize contact among the co-defendants." Def.'s Mem. in Aid of Sent'g at 5.

13